a

RECEIVED
AUG 24 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SAMUEL ROY ABRAM, Plaintiff | CIVIL ACTION NO. 1:16-CV-878; "P" |
| VERSUS | CHIEF JUDGE DRELL |
| C. MELTON, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Pro se Plaintiff, Samuel Roy Abram (#11398-002), filed suit under the Federal Tort Claims Act ("FTCA") on June 22, 2016. (Doc. 1). Plaintiff is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana ("USSP"). Plaintiff complains that Officer Melton made false allegations against Plaintiff in an incident report.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Factual and Procedural History

Plaintiff alleges that, on January 4, 2016, Defendant Officer Melton was conducting an emergency bed count at USSP. (Doc. 1, p. 3). According to the incident report, inmates are required to stand quietly next to their beds during an emergency official count. (Doc. 1, p. 8). Officer Melton issued a disciplinary report to Plaintiff for failing to stand at his bedside during the emergency count. (Doc. 1, p. 8).

The Unit Discipline Committee reviewed the incident report, and found that Plaintiff committed the offense. (Doc. 1, p. 8). Plaintiff was sanctioned with the loss of email privileges for 30 days. (Doc. 1, p. 8).

Plaintiff complains that Officer Melton made a false allegation on the incident report, and that Plaintiff did not commit the violation. (Doc. 1, p. 8). Plaintiff alleges that he was standing near the door during the count. (Doc. 1, p. 3).

Plaintiff submitted a tort claim on February 10, 2016. (Doc. 1, p. 9). On June 1, 2016, the tort claim was denied because Plaintiff did not experience an injury due to a negligent act or omission of a Federal Bureau of Prisons employee. (Doc. 1, p. 6-7).

## Law and Analysis

Under the FTCA, the United States - not its agencies or employees - may be held liable for personal injury caused by the negligent or wrongful acts or omissions of a government employee acting within the scope of his or her office or employment. 28 U.S.C. §§ 2671, 1346(b); Galvin v. Occupational Safety & Health Admin., 860 F.2d 181, 183 (5th Cir. 1988) (FTCA claim against a federal agency or employee as opposed to the United States must be dismissed for want of jurisdiction). Plaintiff cannot state an FTCA claim against Officer Melton, the named defendant.

The United States has sovereign immunity from suit except when it waives this immunity by consent. See United States v. Sherwood, 312 U.S. 584, 586 (1941). The FTCA provides consent for suit against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or

omission of any employee of the Government while acting within the scope of his office or employment. . . ." 28 U.S.C. § 1346(b)(1). Plaintiff did not suffer any personal injury, and the FTCA prohibits an inmate from filing suit against the United States for mental or emotional injury absent a prior showing of physical injury. 28 U.S.C. § 1346(b)(2). Thus, Plaintiff cannot recover damages under the FTCA for his claims.

Moreover, even if Plaintiff had suffered a compensable injury, his claim would still fail. Several exceptions limit the waiver of immunity under the FTCA. In particular, the FTCA does not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights. . . ." 28 U.S.C. § 2680(h). Plaintiff claims that Officer Melton made a false statement, or misrepresentation, on the incident report. (Doc. 1, p. 9). Such conduct is expressly excluded from the FTCA through the intentional tort doctrine.

For the foregoing reasons, **IT IS RECOMMENDED** that the United States of America be substituted for Officer C. Melton as the sole defendant, and that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE.**

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental

objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 24th day of August, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge